# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                **PLAINTIFF**

**v.**                      **CASE NO. 4:17-CR-00324-BSM**

**DONETRIA YANCY**                                            **DEFENDANT**

## ORDER

Donetria Yancy's motion for compassionate release [Doc. No. 286] is denied.

Yancy pleaded guilty to conspiracy to commit bank fraud and aggravated identify theft. Doc. No. 175. She was sentenced to 48 months of imprisonment and three years of supervised release, and she was ordered to pay $333,665.22 in restitution. Doc. No. 194. She moves for compassionate early release, pursuant to 18 U.S.C. section 3582(c)(1)(A), which requires consideration of 18 U.S.C.A. section 3553 sentencing factors.

Yancy argues that she qualifies for compassionate release because the father of her children died in January, and she says her children will not have a reliable caretaker in his absence. Mot. Release at 3. One of Yancy's children is currently living separately from the others. Yancy argues that caring for her children is an extraordinary and compelling reason that warrants her compassionate release. *Id.* at 3–4. 18 U.S.C. § 3582(c)(1)(A). Yancy argues that she has participated in various educational and self-improvement programs while incarcerated and that she would have the support of her siblings if she were granted compassionate release. Mot. Release at 3.

The government responds that Yancy offers no proof of the family circumstances she

claims, including the fact that her children's father is actually deceased or that her relatives would be able to provide her with financial support if she were granted compassionate release. The government argues that this is particularly concerning, given that Yancy was the "ringleader" of a multi-year fraud scheme. Resp. Mot. Release at 1, 5, Doc. No. 287. Further, the government argues, compassionate release may be denied when the caregiver of a defendant's minor children passes away, but the children are being cared for by relatives. *Id*. at 4 (citing *United States v. Jackson*, No. CR 6:17-73-HMH, 2020 WL 6110998, at *2 (D.S.C. Oct. 16, 2020)).

Yancy's motion is denied because the section 3553(a) factors do not support granting Yancy compassionate release. Releasing Yancy early would not reflect the seriousness of her offense or provide her with needed vocational training or other correctional treatment in the most effective manner.

IT IS SO ORDERED this 10th day of May, 2021.

_____
UNITED STATES DISTRICT JUDGE